UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda L. Allen, *et al.*,

    Plaintiffs,

        v.                                                   Case No. 1:20cv11

Horter Investment Management, LLC,         Judge Michael R. Barrett

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Plaintiffs' Motion to Compel Arbitration, Motion to Stay or, Alternatively, Motion for Appointment of Arbitrators (Doc. 3); and Defendant's Motion to Dismiss (Doc. 23). These motions are fully briefed. (Docs. 24, 25, 26, 27).

**I.    BACKGROUND**

Plaintiffs claim that Defendant's investment advisor representatives sold fraudulent and unregistered investments to them in violation of federal and state law. Plaintiffs maintain that these claims are subject to the arbitration agreement found in the client agreements between Plaintiffs and Defendant:

> Client and Advisor both agree that all controversies which may arise between them concerning any transaction or construction, performance or breach of this agreement that cannot be settled, be submitted to binding arbitration in accordance with the rules, then in effect, of the American Arbitration Association. Client and Advisor agree that any such arbitration would be venued in Cincinnati, Ohio. All awards rendered by the arbitrators shall be final and judgment upon award may be entered in any court of competent jurisdiction. This Agreement is not intended to limit any right the Client may have under any provision of state and federal securities laws.

(Doc. 1-1, ¶ 14, PAGEID# 36).

Pursuant to this agreement, Plaintiffs seek a court order requiring Defendant to

participate in arbitration before the American Arbitration Association ("AAA"); and staying Plaintiffs' claims against Defendant, pending arbitration. (Doc. 3). Defendant responds that Plaintiffs lack standing because Defendant has never refused to arbitrate Plaintiffs' claims; and this Court does not have jurisdiction under the FAA to appoint arbitrators. Defendant states that this Court should not stay this litigation because Plaintiffs' claims are subject to the arbitration provision, and therefore, this Court should dismiss Plaintiffs' Complaint.

## II. ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, codifies "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Plaintiffs maintain that Defendant's past actions have caused the AAA not to administer Plaintiffs' arbitration claim against Defendant in this case and in a related case pending before the undersigned: *Bruns v. Horter Investment Management, LLC*, S.D. Ohio Case No. 1:20-cv-00253 ("*Bruns*").[1] Plaintiffs were informed by the AAA that, "[p]rior to the filing of this arbitration, Horter Investment Management, LLC failed to comply with the AAA's policies regarding consumer claims." The AAA therefore declined to administer Plaintiffs' arbitration claim against Defendant "and any other claims between Horter

---

[1] Counsel for Plaintiffs in this case also represent the plaintiffs in *Bruns*.

Investment Management, LLC and its consumers." (Doc. 1-1, PAGEID# 789).[2]

Defendant maintains that it has not refused to arbitrate because even though the AAA refused to administer the claims, the parties agreed to private arbitrations in both this case and in the *Bruns* case. (See Doc. 23-1, Matthew Fornshell Decl., PAGEID #1213, 1260-62). Plaintiffs acknowledge that they are amenable to private arbitrations which are not administered by the AAA (Doc. 25, PAGEID# 1326), but explain that the parties have reached an impasse as to whether the arbitration should be conducted individually or as one consolidated arbitration. Plaintiffs explain that private arbitration was a possible alternative resolution, but they have always maintained their right to an arbitration administered by the AAA in the event that the parties could not agree on a private arbitration.

As this Court has explained: "Where there has been no refusal to arbitrate, [a] petitioner cannot use Section 4 [of the Federal Arbitration Act] as a vehicle to seek review of the ... decision about how to proceed with the arbitration process." *Fisher Asset Mgmt., LLC v. Rider*, No. 2:11-CV-1126, 2012 WL 529589, at *4 (S.D. Ohio Feb. 17, 2012) (quoting *Warren Steel Holdings, LLC v. Williams*, No. 4:07-CV-1883, 2007 WL 2688240, at *4 (N.D. Ohio Sept. 11, 2007)). A party has "refused to arbitrate" within the meaning of Section 4 if it "commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004); *see also PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995) ("we hold that an action to compel arbitration under the Federal Arbitration Act

---

[2]Defendant explains that the AAA had previously refused to administer arbitrations filed against it because Defendant will not provide AAA with a blanket waiver of its client agreements' venue selection clause. (Doc. 23-1, Matthew Fornshell Decl., PAGEID #1213, 1211).

accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute."); *but see Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2011 WL 6014438, *4 (N.D. Cal. Dec. 2, 2011) ("If a party were deemed not to have 'refused' arbitration so long as it expressed a willingness to arbitrate in some venue somewhere, then a valid arbitration agreement could be rendered meaningless by the parties' inability to settle on a mutually agreeable location, and courts would be powerless to intervene.").

Defendant supports its position that it has not refused to arbitrate by citing to *Innovative Pet Prods. Pty. Ltd. v. Cosmic Pet, LLC*, No. 20-1120-KHV, 2020 WL 2615761, at *3 (D. Kan. May 22, 2020). In that case, the court held that it could not compel arbitration under Section 4 because defendant's delay was not tantamount to a failure or refusal to arbitrate. *Id.* The court pointed out that the parties agreed that they must arbitrate their disputes, and were in the process of selecting an acceptable arbitrator. *Id.* The court explained that it would not compel arbitration where "everyone involved agrees that arbitration is required and the parties have no contractual obligation to act on a certain schedule." *Id.*

The Court must distinguish this case from *Innovative Pet Products*. The plaintiff in that case brought suit to compel arbitration less than two and a half months into the process of selecting a private arbitrator. *Id.* at *4. Moreover, the plaintiff had not initiated arbitration with the AAA, despite threats to do so. *Id.* at *2, n.2. Here, when Plaintiffs filed this action, the *Bruns* plaintiffs had been seeking arbitration for over a year, and when counsel for Plaintiffs in this case requested arbitration, Defendant informed him that

4

Defendant's position regarding arbitration had not changed. (Doc. 23-1, Matthew Fornshell Decl., PAGEID #1211, 1214). In addition, unlike *Innovative Pet Products*, Plaintiffs have initiated arbitration with the AAA, but the AAA declined to administer the claims because of Defendant's past actions.

While there is evidence in the record that Defendant has an opportunity to rectify its situation with the AAA,[3] the Court does not find that Defendant's acts amount to an unequivocal refusal to arbitrate. Instead, Defendant has expressly acknowledged the agreement to arbitrate. The parties have been working together in the *Bruns* case and this case to reach an agreement regarding the selection of arbitrators. The Court notes that some of the delay in this process is attributable to Plaintiffs' change in position regarding consolidated arbitration. Because Defendant has not refused to arbitrate within the meaning of § 4 of the FAA, Plaintiffs' Motion to Compel is DENIED; and Plaintiffs' Motion to Stay is DENIED as MOOT.

The Court now turns to Plaintiffs' Alternative Motion for Appointment of Arbitrators. The FAA "expressly favors the selection of arbitrators by parties rather than courts." *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490 (5th Cir. 2012) (quoting

---

[3]The AAA has informed the parties that it would consider accepting new consumer cases involving Defendant if Defendant took certain steps:

> If Horter Investment Management, LLC advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward. Therefore, if the business wishes for the AAA to consider accepting consumer disputes going forward, the business must, at a minimum, register its clause on the Consumer Clause Registry on our website, www.adr.org/clauseregistry. Upon completion of the registration process and confirmation from the AAA that the business is now active on the Consumer Clause Registry, the business is responsible for informing all parties that Claimant may re-file their claim.

(Doc. 3, PAGEID# 897-98).

*Shell Oil Co. v. CO2 Comm., Inc.*, 589 F.3d 1105, 1109 (10th Cir. 2009)).  However, Congress recognized that "judicial intervention may be required in certain circumstances." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). Accordingly, the FAA provides, in relevant part:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but . . . if for any other reason there shall be a lapse in the naming of an arbitrator . . ., then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators....

9 U.S.C. § 5.  As the Fifth Circuit Court of Appeals has explained:

> We define "lapse," for purposes of 9 U.S.C. § 5, to "mean[ ] 'a lapse in time in the naming of the' arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process." *In re Salomon Shareholders' Derivative Litig.*, 68 F.3d 554, 560 (2d Cir.1995) (citing *Pac. Reins.*, 814 F.2d at 1327).  In *Pacific Reinsurance*, for example, the Ninth Circuit held that the district court acted within its authority under § 5 in designating an arbitrator, even though seven of the parties' twelve contracts contained an appointment method, where the parties' deadlock over whether that method should apply to the other five contracts resulted in a lapse in the naming of the "umpire" arbitrator.  *Pac. Reins.*, 814 F.2d at 1327-28.  And in *Stop & Shop Supermarket*, 246 Fed.Appx. at 11, each party to the arbitration agreement had selected an arbitrator, which the other party then refused to recognize as legitimate under the parties' arbitration agreement.  The Second Circuit affirmed the district court's appointment of an arbitrator under § 5 because the parties' deadlock in naming arbitrators resulted in a lapse.  *Id.*

*BP Expl. Libya Ltd.*, 689 F.3d at 491-92.

Here, there has been no "lapse" which would confer jurisdiction on this Court under 9 U.S.C. § 5.  Both parties are amenable to private arbitration and the names of specific arbitrators have been exchanged.  In addition, the AAA has informed the parties that it would consider accepting new consumer cases involving Defendant if Defendant took certain steps.

Because this Court lacks jurisdiction over Plaintiffs' claims, which are undisputedly

subject to arbitration, Defendant's Motion to Dismiss is GRANTED.

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Compel Arbitration, Motion to Stay or, Alternatively, Motion for Appointment of Arbitrators (Doc. 3) is **DENIED** to the extent that it seeks an order compelling arbitration; **DENIED as MOOT** to the extent it seeks a stay; and **DENIED** to the extent it seeks appointment of arbitrators;

2. Defendant's Motion to Dismiss (Doc. 23) is **GRANTED**;

3. Plaintiffs' Complaint is **DISMISSED without PREJUDICE**; and this matter is **CLOSED and TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            Michael R. Barrett
                                            United States District Judge